Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telepehone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff CHRISTIAN FALCON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN FALCON, an individual, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;** |
| vs. | |
| MICHAEL GERARD FLANAGAN, an individual; and DOES 1-10, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

///

## II. THE PARTIES.

3. The plaintiff, CHRISTIAN FALCON ("Plaintiff"), is a natural person. At all relevant times, he resided in the city and county of Los Angeles, California.

4. Defendant MICHAEL GERARD FLANAGAN ("FLANAGAN"), is, and at all times relevant herein was, an individual attorney licensed in the State of California, and doing business as "Debt Enforcement Law Group."

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). More particularly, over the past two years, FLANAGAN has filed more than two hundred collection lawsuits in the Los Angeles Superior Court.

## III. FACTUAL ALLEGATIONS.

8. Plaintiff enrolled at a purported "school" founded, run and owned by FLANAGAN and his wife.

9. The "school" provided no meaningful instruction, or worthwhile education

whatsoever, despite receiving hundreds of thousands of dollars in tuition payments and federal student loans from its students, their families, and the federally backed student loan companies.

10. The "school" filed for bankruptcy in the Central District of California, case number 2:15-bk-14744-BB, while – in order to subvert the bankruptcy estate and its trustee – transferring its receivables to at least one other entity controlled by FLANAGAN, Video Sympathy, LLC. Acting as that entity's lawyer, FLANAGAN filed collection lawsuits against hundreds of the former students, including Plaintiff, and communicated with Plaintiff and the other students in hopes of preventing them from retaining their own lawyers and otherwise defending against the collection cases.

11. Although the lawsuit filed by FLANAGAN and his client, Video Symphony (Los Angeles Superior Court case number 18CHLC21068), alleged that Plaintiff owed Video Symphony more than fifteen thousand dollars, in fact, at around the time that the school closed down, the "school" notified Plaintiff that in fact, it owed him a refund. Personnel from the "school" asked Plaintiff if he would consent to a brief delay in disbursing the refund, explaining the request in a deliberately confusing manner. Plaintiff politely agreed, and the "school" never provided the refund.

12. The Video Symphony lawsuit and other documents delivered to Plaintiff were attempts to collect sums of money which included fees, penalties and interest not authorized by any enforceable contract or statute.

13. Defendants never provided Plaintiff with written notice of his rights under 15 U.S.C. §1692a of the F.D.C.P.A.

## FIRST CLAIM FOR RELIEF
(For Violations of the FDCPA against FLANAGAN and DOES 1 through 5, inclusive)

14. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 13 above.

15. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10), including but not limited to representing that Plaintiff owed a debt at all, that the debt belonged to Video Symphony as opposed to the bankruptcy estate, and mischaracterizing the purported debt as a "student loan" debt, *inter alia*;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Failing to provide Plaintiff a written notice of his rights under the Fair Debt Collection Practices Act within five days of its first contact with him, in violation of 15 U.S.C. §1692a(g); and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

16. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the defendants as follows:

1. Actual damages under 15 U.S.C. §1692k(a)(1);

2. Costs and attorney's fees, under 15 U.S.C. §1692k(a)(3);

3. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2);

4. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3);

5. General damages, with prejudgment interest as permitted by law; and

6. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff CHRISTIAN FALCON requests a trial by jury.

DATED: October 23, 2018                    Respectfully submitted,

By: *[signature]*
Aidan W. Butler
Attorney for Plaintiff
CHRISTIAN FALCON